UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: Cashco, Inc.,                                                Case No. 18-11968-j7
a New Mexico Corporation and
Associated Case in BAP

       Debtor.

Matthew Kitts,

       Plaintiff

       v.                                                                     Adversary Pro. No. 18-1055-j

Cashco, Inc., a New Mexico Corporation,
HiTex, Inc., and Budget Payday Loans, a
New Mexico Limited Partnership.

       Defendants.

## MEMORANDUM OPINION

THIS MATTER is before the Court on the Plaintiff's Motion for Remand and Abstention (the "Motion"). *See* Docket No. 10. Defendants oppose the Motion. *See* Dockets No. 39 and 40. The adversary proceeding was commenced when Cashco, Inc. ("Cashco") removed the case from the State of New Mexico County of Bernalillo Second Judicial District. *See* Docket No. 1. The state court complaint alleges that the Defendants, Cashco and Budget Payday Loans ("Budget"), offered unconscionable loans and seeks damages for the borrowers of the loans. *See* Docket No. 10. The Court will grant the Motion, abstain from hearing the case, and remand the case to the State of New Mexico County of Bernalillo Second Judicial District (the "State Court").

## PROCEDURAL HISTORY

Cashco commenced the underlying bankruptcy case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code on August 6, 2018. *See* Docket No. 1. On the same date, Budget also commenced a Chapter 7 case in this district. Budget is a Chapter 7 debtor in Case No. 18-11967-t7 pending before Judge David T. Thuma.

Before the bankruptcy filings, the Plaintiff, Matthew Kitts, commenced a class action lawsuit against the Cashco; Budget; and HiTex, Inc. ("HiTex") in the State Court as Cause No. D-202-CV-2016-01851 (the "State Court Class Action"). The complaint alleges that Cashco and Budget offered loans with a 521% APR, which are unconscionable under the common law of New Mexico. The complaint further alleges that HiTex, a non-debtor defendant, asserted control over Cashco and Budget and is therefore liable for the allegedly unconscionable lending practices. The Plaintiff requested a jury trial in State Court. *See* Docket No. 4.

While the State Court Class Action was pending in state court, the State Court dismissed HiTex for lack of personal jurisdiction because HiTex did not have sufficient minimum contacts with the State of New Mexico. *See* Docket No. 10, Exhibit E, "Order on Motion to Dismiss, Motion for Temporary Restraining Order and Motion for Protective Order." The State Court based this ruling, in part, on the testimony of Ms. Susan Hammon, who was a "surprise witness" for HiTex at the hearing. *See* Docket No. 10, Exhibit F "Order on Motion to Reconsider." Ms. Hammon was then deposed by the Plaintiff and revealed contacts with New Mexico that were not disclosed at the hearing on HiTex's Motion to Dismiss. *Id.* Given the inconsistent testimony, the State Court granted the Motion to Reconsider and reinstated HiTex as a defendant in the action. *Id.*

Even so, the State Court acknowledged there were still questions as to its jurisdiction over HiTex and set an evidentiary hearing for August 7, 2018. *Id.* Also pending before the State

2

Court was the Plaintiff's Motion for Leave to Amend to Add Randal Roche as Additional Defendant, which was likewise scheduled for hearing on August 7, 2018. *See* Docket No. 10, Exhibit G. Cashco and Budget filed their bankruptcy cases on August 6, 2018; consequently, the August 7, 2018 hearing in the State Court was stayed. *See* Docket No. 1 in Case No. 18-11968-j7.

On August 23, 2018, the Debtor filed a notice of removal of the State Court Class Action to this Court, initiating Adversary Proceeding No. 18-1055-J (the "Class Action Adversary Proceeding" or "adversary proceeding"). *See* Adversary Proceeding No. 18-1055-J – Docket Nos. 18 and 19.

Prior to removal of the State Court Class Action, the State Court certified a class as to claims against Cashco. *See* Docket No. 10, Exhibit D, "Order on Class Certification as to Cashco, Inc." On February 27, 2019, the Honorable David T. Thuma entered a stipulated order granting relief from the automatic stay to permit certification of the class as to claims against Budget. *See* Docket No. 62 in Case No. 18-11967-t7, "Stipulated Order Granting Stay Relief." On March 6, 2019, this Court entered a stipulated order certifying the class as to claims against Budget. *See* Docket No. 37 in Case No. 18-1055-j "Stipulated Order on Class Certification, Class Action Adversary Proceeding." The class has not been certified as to claims against HiTex.

The State Court Class Action was pending for over two years in state court. The parties engaged in extensive discovery. In ruling on issues regarding discovery, the State Court issued sanctions against Cashco and its counsel for falsifying discovery responses and denied a motion to reconsider the imposition of those sanctions on July 25, 2018, twelve days before Cashco and Budget filed bankruptcy.

The claims in the underlying Cashco bankruptcy case total $9,651,231.31. Substantially all of the claims relate to the State Court Class Action. The Plaintiff, Matthew Kitts has filed a $4,591,080.00 claim, and the principal of Cashco and Budget, Randal Roche has filed a $5,000,000.00 claim for indemnification against liability in the State Court Class Action. In addition, Albuquerque Healthcare for the Homeless and Roadrunner Food Bank have filed proofs of claim for the amount that Cashco was sanctioned by the State Court. The claims not related to the State Court Class Action total $10,151.31. Cashco's schedules list assets amounting to $698,657.92. *See* Docket No. 8 in Case No. 18-11968-j7.

The claims in the underlying Budget bankruptcy case total $8,824,522.43. *See* Case No. 11967-t7. Like the claims in Cashco, substantially all of the claims relate to the State Court Class Action. The Plaintiff, Matthew Kitts, has filed a $3,287,466.00 claim, and Randal Roche has filed a $5,000,000.00 claim for indemnification against liability in the State Court Class Action. The Cashco Chapter 7 Trustee has filed a claim for $35,000.00 for contribution sanctions paid to the State Court and a $500,000.00 claim for legal fees paid by Cashco on Budget's behalf. The claims that are unrelated to the State Court Class Action total $2,056.43. Budget's schedules list assets amounting to $688,953.74.

HiTex is a non-debtor defendant named in the Complaint. HiTex did not file a proof of claim in either of the Cashco or Budget bankruptcy cases prior to the claims bar date. As such, any contribution or indemnification claims by HiTex against Cashco or Budget are time barred.

## DISCUSSION

The Plaintiff asks the Court to abstain from deciding the Class Action Adversary Proceeding and remand to State Court. The Plaintiff argues that the Class Action Adversary Proceeding is a non-core proceeding and that mandatory abstention applies. *See* Docket No. 10.

4

Case 18-01055-j    Doc 42    Filed 07/31/19    Entered 07/31/19 09:21:14 Page 4 of 20

In the alternative, the Plaintiff argues that if the Court does not find mandatory abstention applies then permissive abstention is appropriate. *Id.*

Cashco and Budget disagree. They argue that the Class Action Adversary Proceeding is a core proceeding and that abstention and remand are not appropriate. *See* Docket No. 39. HiTex argues that because the adversary proceeding is a core proceeding, and due to the State Court's animus against the Defendants, in the interest of justice, the Court should not abstain or remand. *See* Docket No. 40.

For the reasons explained below the Court finds that although mandatory abstention does not apply to the claims against Cashco and Budget, nevertheless the Court in its discretion will permissively abstain from adjudicating the adversary proceeding and remand to the State Court.

a. The Court's jurisdiction over the defendants

Bankruptcy courts are specialized courts with limited jurisdiction. *See* 28 U.S.C. § 1334 (jurisdictional grant of power); *In re Gardner*, 913 F.2d 1515, 1517 (10th Cir. 1990) (Bankruptcy courts "have only the jurisdiction and powers expressly or by necessary implication granted by Congress."); *In re Schempp Real Estate, LLC*, 303 B.R. 866, (Bankr. D. Colo. 2003) ("Bankruptcy courts are courts of limited jurisdiction.") (*In re Lacy*, 183 B.R. 890, 892 (Bankr. D. Colo. 1995)). Bankruptcy courts have jurisdiction over proceedings that "arise in cases under title 11," proceedings that "arise under title 11" and proceedings that are "related to cases under title 11." 28 U.S.C. § 1334(b).[1]

---

[1] *See* 28 U.S.C. § 1334(b) (providing that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."); 28 U.S.C. § 157(a) (District courts "may provide that . . . any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."); 28 U.S.C. § 157(b)(1) ("Bankruptcy judges may hear and determine all cases under title 11 or arising in a case under title 11, referred to under subsection (a) . . .").

5

*1. The Court has "core" jurisdiction over the claims against Cashco and Budget*

Proceedings "arising in cases under title 11" and cases "arising under title 11" are "core" proceedings. *See* 28 U.S.C. § 157(b). "Core" proceedings are proceedings that involve rights created by bankruptcy law, or proceedings that would only arise within a bankruptcy. *Gardner*, 913 F.2d at 1518; 28 U.S.C. § 157(b)(2)(A)-(O) (listing types of core proceedings).[2] 28 U.S.C. § 157(b)(2)(B) details that core proceedings include the

> (B) allowance or disallowance of claims against the estate . . . but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11.

28 U.S.C. § 157(b)(2)(B). The outcome of the Class Action Adversary Proceeding will determine the liability of Cashco and Budget, if any, and, therefore, necessarily will determine the allowance or disallowance of claims against the Cashco and Budget bankruptcy estates. Furthermore, there are no allegations that the Class Action Adversary Proceeding will liquidate an unliquidated personal injury or wrongful death claim against either estate. Therefore, the claims against Cashco and Budget asserted in the adversary proceeding fall within this Court's "core" jurisdiction.

*2. The Court has "non-core" jurisdiction over any potential claim against Randal Roche*

Proceedings "related to" a case under title 11 are "non-core" proceedings. *Midgard*, 204 B.R. at 771. "Non-core" proceedings do not invoke substantive rights created by bankruptcy law

---

[2]*See also In re Midgard Corp.*, 204 B.R. 764, 771 (B.A.P. 10th Cir. 1997) (explaining that a "'core proceeding' . . . includes matters arising under and arising in bankruptcy cases," that "a proceeding 'arises under' the Bankruptcy Code if it asserts a cause of action created by the Code" and that a proceeding "arises in" a bankruptcy if the case "could not exist outside of a bankruptcy case, but . . . [is] not [a] cause[ ] of action created by the Bankruptcy Code.") (citations omitted); *In re Angel Fire Corp.*, 2012 WL 5880675, *6 (Bankr. D.N.M.) (explaining that "[m]atters 'arise under' title 11 if they involve a cause of action created or determined by a statutory provision of title 11" and that "[m]atters 'arise in' a bankruptcy if they concern the administration of the bankruptcy case and have no existence outside of the bankruptcy.") (citing *Wood*, 825 F.2d at 96 and *Midgard*, 204 B.R. at 771).

and can exist independent from the bankruptcy. *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987). The bankruptcy court has jurisdiction over non-core proceedings when they are related to the bankruptcy meaning they could conceivably affect the bankruptcy estate. *Gardner*, 913 F.2d at 1518 ("[T]he proceeding is related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action in any way, thereby impacting on the handling and administration of the bankruptcy estate.") (citing *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984) ("[T]he test for determining whether a civil proceeding is related in bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." )).

There is a pending motion to add Randal Roche as a non-debtor defendant to this adversary proceeding. Plaintiff's claims against Randal Roche, if added as a defendant, would be non-core because they would arise under the Court's "related to" jurisdiction. The claims would be related to the Cashco and Budget bankruptcies because if Randal Roche is found jointly and severally liable, then Randal Roche's claim for indemnification filed in the Cashco and Budget bankruptcy cases would conceivably effect the estates.

3. *The Court would have to exercise supplemental jurisdiction to hear the claims against HiTex.*

This Bankruptcy Court's subject matter jurisdiction over the claims against HiTex is unclear.[3] Absent this Court's exercise of supplement jurisdiction under 28 U.S.C. § 1367, the claims against HiTex do not fall within the court's "core" or "related to" jurisdiction because: (1) HiTex did not file a claim in either the Cashco or Budget bankruptcy cases and the claims bar

---

[3] The Bankruptcy Court's personal jurisdiction likewise depends on it having subject matter jurisdiction over HiTex. *See* Fed. R. Bankr. P. 7004; *see also In re Finova Capital Corp.*, 358 B.R. 113, 119 (Bankr. D. Del. 2006).

7

date has passed; (2) none of the claims against HiTex arise under the Bankruptcy Code; and (3) the claims against HiTex do not affect the bankruptcy estates.

28 U.S.C. § 1367(a) provides: "In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). There is no controlling Tenth Circuit precedent as to whether the bankruptcy court can exercise supplemental jurisdiction.[4] There is a circuit split on whether bankruptcy courts may exercise supplemental jurisdiction.[5] As this Court will abstain and remand the Class Action Adversary Proceeding, the Court need not decide whether supplemental jurisdiction would allow this Court to hear and determine the claims against HiTex.[6]

In sum, the Court concludes that Plaintiff's claims against Cashco and Budget fall within § 157(b)(2)(B) making the Class Action Adversary Proceeding a core proceeding as to those claims. Any claims by the Plaintiff against Randal Roche in the Class Action Adversary Proceeding, if he is joined as a defendant, would fall within the Court's "related to" jurisdiction

---

[4] *See In re McGuire*, 2014 WL 322045, at *3 (Bankr. D. Kan. Jan. 28, 2014) ("There is no Tenth Circuit Court of Appeals case on the question whether a bankruptcy court exercise supplemental jurisdiction, but the majority of courts have held that a bankruptcy court, being a court whose jurisdiction is more limited than that of a district court, does not have such authority.").

[5] *Compare Matter of Walker*, 51 F.3d 562, 571 (5th Cir. 1995) ("[W]e conclude that bankruptcy courts may not exercise supplemental jurisdiction.") *with In re Sasson*, 424 F.3d 864, 869 (9th Cir. 2005) ("Thus, at present, the bankruptcy court's related to jurisdiction also includes the district court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.") (internal quotations omitted) and *In re Lionel Corp.*, 29 F.3d 88, 92 (2d Cir. 1994) ("The bankruptcy court had jurisdiction over the Owners' claims against CTI under principles of supplemental jurisdiction.").

[6] It is possible that if this Court did not remand and the district court withdrew the reference under 28 U.S.C. § 157(d), the district court could exercise supplemental jurisdiction over the claims against HiTex even if the bankruptcy court could not. However, it is also possible that mandatory abstention under 28 U.S.C. § 1334(c)(2) would apply to the claims against HiTex if this Court has "related to" jurisdiction over those claims. In view of this Court's decision to abstain, these issues need not be determined.

under § 157(b)(1), and would, therefore, be non-core claims. It is an unsettled question in the Tenth Circuit whether this Court can exercise supplemental jurisdiction to hear the claims against HiTex.

   b. Abstention

The Plaintiff argues that mandatory abstention applies because the Class Action Adversary Proceeding is a non-core proceeding and the elements of 28 U.S.C. § 1334 are met. In the alternative, the Plaintiff asserts that the Court, in its discretion, should permissively abstain from adjudicating the adversary proceeding. Cashco and Budget argue that abstention is not appropriate because this is a core proceeding and the proceeding could not be timely adjudicated in state court. Cashco and Budget argue that the proceeding could not be timely adjudicated in state court because: (1) the overlay of the bankruptcy estates and the Chapter 7 Trustees will complicate matters for the State Court; (2) the Honorable Judge Nash has left the bench and a new judge will need to be brought up to speed; and (3) the liquidation of the estate should not be delayed. HiTex argues that abstention is not appropriate because (1) the proceeding is a core proceeding, (2) judicial economy favors the bankruptcy court hearing the issues, (3) the State Court demonstrated "passion and prejudice" and "animus" against the Defendants, (4) it would be more convenient for the Chapter 7 Trustees to appear before the bankruptcy court, and (5) the state law issues are not novel.

   1. *Mandatory Abstention*

Mandatory abstention only applies in certain non-core proceedings. *See* 28 U.S.C. § 1334(c)(2); *Bricker v. Martin*, 348 B.R. 28, 33 (W.D.Pa.2006), *aff'd*, 265 Fed.Appx. 141 (3rd Cir. 2008).

Mandatory abstention is governed by 28 U.S.C. § 1334(c)(2), which provides:

9

> Upon timely motion of a party in a proceeding upon a State law claim or State law cause of action related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

As previously explained, as against Cashco and Budget, the Class Action Adversary Proceeding is a core proceeding because it will determine the allowance or disallowance of claims against the estate. Accordingly, mandatory abstention does not apply to those claims. However, the Court will exercise its discretion under 28 U.S.C. § 1334(c)(1) to permissively abstain from hearing the claims against Cashco and Budget in the Class Action Adversary Proceeding for the reasons explained below.

2. *Consideration of permissive abstention factors*

If mandatory abstention does not apply, the Court may abstain from a matter under the permissive abstention statute when abstention best serves the interest of justice, judicial economy, or comity with state courts. *In re Telluride Income Growth, L.P.*, 364 B.R. 390, 398 (10th Cir. BAP 2007) ("Section 1334(c)(1) permits abstention from core matters and non-core matters when it is in the 'interest of justice,' judicial economy, or respect for state law."); *In re Best Reception Sys., Inc.*, 220 B.R. 932, 952 (Bankr. E.D. Tenn. 1998) ("[P]ermissive abstention applies to both non-core related and core proceedings.") (*citing Matter of Gober*, 100 F.3d 1195, 1206 (5th Cir. 1996)) (remaining citations omitted)).

The permissive abstention statute provides, in relevant part:

> [N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

10

Case 18-01055-j    Doc 42    Filed 07/31/19    Entered 07/31/19 09:21:14 Page 10 of 20

28 U.S.C. § 1334(c)(1).

Whether to abstain under 28 U.S.C. § 1334(c)(1) falls within the Court's broad discretion. *In re Encompass Services, Corp.*, 337 B.R. 864, 877 (Bankr. S.D. Tex. 2006) ("The decision to abstain is left up to the broad discretion of the bankruptcy court.") (citing *Wood*, 825 F.2d at 93). Factors relevant to a court's consideration of whether to exercise its discretion to abstain include:

> (1) the effect that abstention would have on the efficient administration of bankruptcy estate; (2) the extent to which state law issues predominate; (3) the difficulty or unsettled nature of applicable state law; (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court; (5) the federal jurisdictional basis of the proceeding; (6) the degree of relatedness of the proceeding to the main bankruptcy case; (7) the substance of asserted "core" proceeding; (8) the feasibility of severing the state law claims; (9) the burden the proceeding places on the bankruptcy court's docket; (10) the likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of parties; (11) the existence of a right to jury trial; and (12) the presence of nondebtor parties in the proceeding.

*In re Commercial Financial Services, Inc.*, 251 B.R. 414, 429 (Bankr. N.D. Okla. 2000) (noting this "well-worn list of factors . . . was originally established" in *In re Republic Reader's Serv., Inc.*, 81 B.R. 422, 428-429 (Bankr. S.D. Tex. 1987)). The Court need not give equal weight to each factor.

A. *Effect on the efficient administration of the bankruptcy case*

Cashco and Budget argue that the State Court Class Action could not be timely adjudicated in State Court and therefore the efficient administration of the bankruptcy cases would be impaired by abstention and remand. The Court disagrees.

The debtor defendants, Cashco and Budget, both filed Chapter 7 bankruptcy cases. Unlike the need for speedy reorganization in Chapter 11, the time concern facing the Debtors' Chapter 7 estates is less significant. *See Midgard*, 204 B.R. at 779 ("[I]n a chapter 7 case or a chapter 11 case with a confirmed liquidating plan, where the primary concern is the orderly

11

Case 18-01055-j    Doc 42    Filed 07/31/19    Entered 07/31/19 09:21:14 Page 11 of 20

accumulation and distribution of assets, the requirement of timely adjudication is seldom significant."). The Chapter 7 trustees need to await resolution of the class action proceeding to administer the estates regardless of whether the claims are resolved in bankruptcy court or by the State Court.

As previously stated, substantially all of the claims in both Cashco and Budgets' bankruptcy cases will be adjudicated in Class Action Adversary Proceeding. There are currently only three creditors that are unrelated to the adversary proceeding: the Internal Revenue Service (claim of $0.00 against Budget); the New Mexico Taxation & Revenue Department (claim of $2056.00 against Budget); and Canon Financial Services (claim of $10,151.31 against Cashco). Given the relatively small amounts of these claims and the few number of claims unrelated to the Class Action Adversary Proceeding, the efficient administration of the case will not be significantly impacted by abstention.

The Court is aware that the Honorable Judge Nash, who previously presided over the case in State Court, has retired and a new state court judge would need to be appointed to the case upon remand. However, because the automatic stay is in effect with respect to the Class Action Adversary Proceeding, this Court has taken no action in the adversary proceeding. *See* Docket No. 104. Whichever judge hears this proceeding will need to become familiar with the case. Judicial resources will not be wasted if a state court judge, rather than a bankruptcy judge, needs to get up to speed in the matter.

Cashco and Budget argue that abstaining and remanding would waste judicial resources because of the resulting need to keep the Bankruptcy Court aware of the proceeding in the State Court. The Court does not find this argument persuasive. The time required for periodic status reports would not be significant. Once a final determination of liability has been made by the

12

State Court and final judgments entered, the bankruptcy court would then oversee claim allowance and the liquidation of the estates. The Bankruptcy Court has sufficient expertise in determining how state judgments impact a bankruptcy estate and is able to give full faith and credit to any final judgment entered by the State Court. This factor weighs in favor of abstention.

B. *Extent to which state law issues predominate*

All parties admit that the Class Action Adversary Proceeding is solely based on state law claims. The Court agrees. This factor weighs in favor of abstention.

C. *Difficulty or unsettled nature of applicable state law*

The complaint alleges that the loans made by Cashco and Budget are unconscionable and that restitution to borrowers is necessary under *State ex rel. King v. B & B Inv. Grp., Inc.*, 2014-NMSC-024, ¶ 52, 329 P.3d 658, 676. In *State ex rel. King*, the New Mexico Supreme Court held that "loans bearing interest rates of 1,147.14 to 1,500 percent contravene the public policy of the State of New Mexico, and the interest rate term in Defendants' signature loans is substantively unconscionable and invalid." *Id*. In doing so the New Mexico Supreme Court examined procedural and substantive unconscionability and set out how New Mexico courts should analyze these fact intensive issues.

The complaint alleges that Cashco and Budget offered loans with a 521% APR, which is lower than the interest rate addressed by the New Mexico Supreme Court in its holding regarding substantively unconscionable loans. The Plaintiff's claims arise under the common law of New Mexico. New Mexico state courts are best suited to decide whether the loans at issue are substantively unconscionable under New Mexico common law. This is not, as the Defendants argue, a simple contract dispute. Interests of comity favor resolution of unsettled state common law issues by the state court. This factor weighs in favor of abstention.

D. *Presence of a related proceeding commenced in state court or non-bankruptcy court*

The State Court Class Action was removed to this Court in its entirety. No related proceedings have been commenced in state court or non-bankruptcy court. This factor weighs against abstention.

E. *Federal jurisdictional basis of the proceeding*

HiTex argues that because the claims against HiTex and Randal Roche are derivative to the claims against Cashco and Budget, that the proceeding should be heard in one forum to ensure that there are no inconsistent results. The Court agrees that it makes sense to hear all the claims in one forum.

As previously discussed, the Class Action Adversary Proceeding is a core proceeding as against Cashco and Budget, and a non-core proceeding as against any potential claims against Randal Roche. Because Plaintiff's claims against Randal Roche would be non-core, if the Court does not abstain, any proceeding against Randal Roche may need to be reviewed de novo by the district court. *See* 28 U.S.C. § 157(c)(1) ("stating that in non-core related to proceedings the bankruptcy judge submits proposed findings of facts and conclusions of law to the district court for de novo review."); 28 U.S.C. § 157(c)(2) ("stating that with the consent of the parties the bankruptcy judge may enter appropriate orders and judgments in related to proceedings."); *see also Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1939 (2015) ("We hold that Article III is not violated when the parties knowingly and voluntarily consent to adjudication by a bankruptcy judge.").

Because it is an unsettled question in the Tenth Circuit regarding whether this Court has supplemental jurisdiction over the claims against HiTex, and there is a significant split in the case law on the issue in other circuits, if this Court were to rule it has supplemental jurisdiction and decide the claims, there is a material risk of reversal on appeal.

14

This factor weighs in favor of abstention.

F. *Degree of relatedness of the proceeding to the main bankruptcy case*

The Court recognizes that the notes and mortgages that form the basis for the claims asserted in the Class Action Adversary Proceeding are the largest asset of the bankruptcy estates. However, the two largest creditors in both bankruptcy estates are the Plaintiff and Randal Roche, the principal of the Debtors who filed a proof of claim in both bankruptcy cases seeking indemnification for any damages from the adversary proceeding. Whether the notes and mortgages are found unconscionable and the Defendants are found liable will determine whether there are assets in the bankruptcy estates for administration. As such, the Class Action Adversary Proceeding is closely intertwined with the bankruptcy cases. This factor weighs against abstention.

G. *Substance of asserted "core" proceeding*

As previously explained, the Class Action Adversary Proceeding is a core proceeding as against Cashco and Budget because by determining liability, it will also determine whether the Plaintiff's claim is allowed or disallowed. This factor weighs against abstention.

H. *Feasibility of severing the state law claims*

The state law claims are the sole basis of the Class Action Adversary Proceeding. There are no federal claims at issue. This factor weighs in favor of abstention.

I. *Burden the proceeding places on the bankruptcy court's docket*

The Class Action Adversary Proceeding is complex. There are unsettled jurisdictional issues regarding the claims against HiTex, and it would be necessary to certify classes as to HiTex and possibly Randal Roche. These issues increase the burden of the Class Action Adversary Proceeding on this Court. However, if this Court abstains and remands, the burden of adjudicating the class action proceeding is shifted to the State Court. Likewise, the State Court

would also need to determine if it has personal jurisdiction over HiTex and possibly Randal Roche. This factor is neutral as to whether abstention is appropriate.

J. *Likelihood that commencement of the proceeding in the bankruptcy court involves forum shopping by one of the parties*

There is evidence to suggest that removal of the State Court Class Action to bankruptcy court involves forum shopping by Cashco and Budget for several reasons. First, twelve days before the bankruptcy cases were filed the State Court refused to reconsider the sanctions issued for discovery violations against Cashco and its attorney. Second, the bankruptcy cases were filed one day before the State Court was scheduled to conduct an evidentiary hearing on its personal jurisdiction over HiTex and whether Randal Roche should be added as a defendant. Third, the State Court had expressed frustration with the Defendants' candor with the Court. HiTex argues in its response that the Court should not abstain because the State Court had demonstrated "passion and prejudice" against the Defendants in ordering sanctions. This Court will not second guess the impartiality of the rulings made by the Honorable Judge Nash. Given the circumstances, this argument further suggests that the Defendants removal of the case to bankruptcy court was an attempt to forum shop. This factor weighs in favor of abstention.

K. *Existence of right to a jury trial*

The Plaintiff demanded a jury trial in the State Court Class Action and has a right to a jury trial in State Court. *See* Docket No. 4. However, as the Plaintiff has submitted claims against the bankruptcy estates, and submitted to this Court's equitable authority, there is no right to a jury trial before this Court as to the claims against Cashco and Budget. *In re Republic Tr. & Sav. Co.*, 924 F.2d 997, 998 (10th Cir. 1991) ("Filing a claim precludes entitlement to a jury trial.") (citing *Langenkamp v. Culp*, 498 U.S. 42, 45 (1990)); *see Granfinanciera, S.A. v. Nordberg*, 492

U.S. 33, 58 (1989). As to the Plaintiff's possible claims against Randal Roche, the Tenth Circuit Bankruptcy Appellate Panel has explained that

> A bankruptcy court cannot hear a jury trial in a "related to" case absent the consent of the parties. Thus, assuming there exists a right to a jury trial, for the proceeding to go forward in federal court, the district court would be required to withdraw the reference under 28 U.S.C. § 157(d). This layer of additional procedure may weigh in favor of the proceeding going forward in a state court.

*In re Midgard Corp.*, 204 B.R. 764, 779 at n. 18 (B.A.P. 10th Cir. 1997) (internal citations omitted). If this Court has jurisdiction over the claims against HiTex, the Plaintiff could have a right to a jury trial against HiTex. However, the Plaintiff has not consented to the Bankruptcy Court entering final orders or conducting a jury trial. As such, if the claims against HiTex were not remanded, the district court would have to conduct the portion of the trial in the adversary proceeding wherein a jury trial right may exist. This factor weighs in favor of abstention.

L. *Presence of non-debtor parties in the proceeding.*

As previously discussed, when the bankruptcy cases were filed the State Court was scheduled to determine if Randal Roche would be added as a defendant in the State Court Class Action. Mr. Roche has filed claims in both bankruptcy estates. Mr. Roche is a non-debtor party.

HiTex is a non-debtor-third-party defendant. HiTex has not filed a proof of claim in either the Cashco or the Budget bankruptcy cases. As previously discussed, this Court's jurisdiction over any claim against HiTex would depend on the Court exercising supplemental jurisdiction under 28 U.S.C. § 1376. It is unsettled in the Tenth Circuit whether a bankruptcy court can exercise supplemental jurisdiction. Further, the Plaintiff, a non-debtor party, as well as HiTex have not consented to the Court entering final judgments in the adversary proceeding. This factor weighs in favor of abstention.

3. *The Court will exercise its discretion to permissively abstain from hearing the Class Action Adversary Proceeding.*

The Court will exercise its discretion to abstain from hearing the Class Action Adversary Proceeding. In making this decision, the Court has given particular weight to: (a) the claims at issue in the Class Action Adversary Proceeding are governed wholly by state law and require resolution of unsettled issues of state law best determined by the State Court; (b) the Plaintiff has demanded a jury trial and has not consented to the bankruptcy court making final decisions or conducting a jury trial on the claims against HiTex;[7] (c) it appears that the debtor defendants decision to remove the State Court Class Action to bankruptcy court was motivated in part by forum shopping as a result of adverse decisions by the State Court; and (d) remand will not adversely affect the administration of the Cashco or Budget bankruptcy cases. In the circumstances of this case, these factors substantially outweigh the factors weighing against abstention.

c. <u>Remand</u>

Cashco and Budget argue that remand is not appropriate because remand would waste judicial resources, be less economical for the parties, could impact the administration of the estate, and could lead to inconsistent results regarding claim allowance. HiTex argues that remand is not appropriate because the Class Action Adversary Proceeding is a core proceeding. The Court disagrees.

---

[7] It appears that if the case is not remanded to state court, Plaintiff would be entitled to a jury trial conducted by the United States District Court with respect to claims against HiTex (and Roche if he is joined as a defendant) if the district court can exercise supplemental jurisdiction or there is federal diversity and personal jurisdiction. That would require the United States District Court to preside over the claims against Cashco and Budget as well, so that all discovery would be conducted in the same proceeding, to avoid separate duplicative trials, and to lessen the prospect of inconsistent results. This would be burdensome for the United States District Court for the District of New Mexico.

On the whole, Cashco and Budget's arguments against remand are addressed in the Court's consideration of the permissive abstention factors. Remand is governed by 28 U.S.C. § 1452(b), which provides, "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). A bankruptcy court may remand both "core" and "non-core" proceedings, if remand is otherwise appropriate. *Broyles v. U.S. Gypsum Co.*, 266 B.R. 778, 785 (E.D. Tex. 2001) ("[A] federal district court or bankruptcy court may find that remand is appropriate in a case removed on bankruptcy grounds whether it is "core" or "non-core" if there is any equitable ground for doing so.").

Having determined that permissive abstention is appropriate, remand is likewise appropriate. *See In re Mattson*, 448 B.R. 540, 551 (Bankr. D. Kan. 2011) (concluding that abstention was proper under both the mandatory and permissive abstention provisions and remanding case to originating court); *In re Premier Hotel Dev. Grp.*, 270 B.R. 243, 258 (Bankr. E.D. Tenn. 2001) ("'the presence of factors suggesting discretionary abstention pursuant to 1334(c)(1) and factors requiring mandatory abstention under 1334(c)(2) provides ample equitable grounds for remand of the lawsuit to state court.'"); *In re Roddam*, 193 B.R. 971, 981 (Bankr. N.D. Ala. 1996) ("[T]he considerations underlying discretionary abstention and remand are the same."); *In re Merry-Go-Round Enterprises, Inc.*, 222 B.R. 254, 257 (D. Md. 1998) ("Certainly, if a bankruptcy court concludes that it should exercise its discretion under § 1334(c)(1) to abstain from deciding a claim that has been removed from state court, it would be appropriate to remand the case to state court."); *cf. Midgard*, 204 B.R. at 775-776 (concluding that if abstention is required under 28 U.S.C. § 1334(c)(2), the court has the power to remand

19

Case 18-01055-j    Doc 42    Filed 07/31/19    Entered 07/31/19 09:21:14 Page 19 of 20

under 28 U.S.C §1452(b)). Therefore, the Court will remand the State Court Class Action to the Second Judicial District for the State of New Mexico.

## CONCLUSION

The Court will exercise its discretion to permissively abstain from hearing the Class Action Adversary Proceeding and will remand the proceeding to the State of New Mexico County of Bernalillo Second Judicial District. An order will be entered in the adversary proceeding consistent with this memorandum opinion.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on the docket: July 31, 2019

Copy to counsel of record via CM/ECF.